David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177-001
Tel. (212)267-8480 Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | : | ECF CASE |
| a/s/o Athenex Pharmaceutical Division, LLC, | : | |
| Plaintiff, | : | 18 Civ. 3179 |
| - against - | : | **COMPLAINT** |
| FEDERAL EXPRESS CORPORATION; FEDEX EXPRESS; FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE, INC.; | : | |
| Defendants. | | |

---------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

1. Plaintiff seeks recovery of compensatory damages arising from damage to a shipment of pharmaceuticals which defendants contracted to carry and care for on a door-delivery basis by way of an airport of departure in India and an airport of destination in the United States.

2. Plaintiff Federal Insurance Company (hereinafter "plaintiff" or "Federal") is an Indiana corporation with its principal place of business in New Jersey and sues herein as subrogated cargo insurer, having paid the insurance claim of its insured Athenex Pharmaceutical Division, LLC [not a party to this action] who was at all material times the purchaser, owner, and consignee of the cargo, the named consignee

on the air waybill, and the entity which sustained damages as a result of the claimed cargo damage.

3. Defendant Federal Express Corporation, also doing business as FedEx Express, ("FedEx") is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of Tennessee, and a registered agent in this district in care of C T Corporation System, 111 Eighth Avenue, New York, NY 10011.

4. Defendant FedEx Trade Networks Transport & Brokerage, Inc. ("FedEx Trade") is believed to be a New York corporation with its principal place of business in New York, and a registered agent at C T Corporation System, 111 Eighth Avenue, New York, NY 10011.

5. Defendants contracted to provide carriage and related services for the shipment in suit on a door-delivery basis from India to the consignee's premises in Tennessee and FedEx was hired as the performing air carrier for said international transportation.

6. At all material times defendants had continuous and systematic affiliations with the state of New York by virtue of their provision of transportation services through and within the state.

7. This action includes claims arising under a treaty of the United States, specifically the Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331, as the claims in suit arise in whole or in part under the laws and treaties of the United

States, and concurrently 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. In addition the causes of action asserted herein include supplemental claims within the meaning of 28 U.S.C. § 1367 to certain of the foregoing claims.

10. Defendants maintain routes for, and provides services related to, the carriage of cargo within and through New York City, including places within this district, and said business activities and contacts are sufficient to subject defendant to personal jurisdiction of this Honorable Court and venue pursuant to 28 U.S.C. § 1391(d) and the Montreal Convention.

11. This action arises from damage to a shipment of Paclitaxel Injection, USP (23,673 vials) (hereinafter "the Shipment") which was in good order and condition when received by defendants, or entities acting on their behalf, at or near the place of receipt in India and which moved by air from at or near Bangalore to Memphis as further described in FedEx Express Air Waybill 736663277810 dated on or about June 30, 2017, and others. [FedEx Case No. 1229728543; Entry No. 799 1689534-2; 02350910414]

12. At or near the place of receipt in India the air waybill was issued "clean" and without exception or notation as to damage or other irregularity and represented that the Shipment was to be carried to the United States on a door-delivery basis.

13. During the course of transportation, handling, and/or storage by defendants, or entities action on their behalf, the Shipment sustained damage, including damage caused by exposure to excessive temperatures, which rendered the pharmaceuticals unfit for intended distribution, sale and usage.

14. When the Shipment was delivered to the consignee's designated facility on or about July 12, 2017, said damage was determined.

15. Plaintiff's subrogor transmitted a timely written complaint to defendants disclosing *inter alia* that the Shipment arrived with damage and that there was evidence of temperature abuse during defendant's care, custody, and control.

16. The damage to the Shipment rendered it unfit for intended distribution, sale and human consumption.

17. As a result of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $532,385.15 no part of which has been paid although duly demanded.

18. Plaintiff has complied with all conditions precedent required of it under the premises and sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

19. Each cause of action herein is pled in the alternative.

## FIRST CAUSE OF ACTION

### (Breach of Contract and Montreal Convention Air Treaty)

20. Plaintiff repeats and realleges the allegations in paragraphs 1 through 19 of this complaint.

21. This cause of action arises under the Montreal Convention.

22. For agreed consideration consisting of enhanced freight fees and charges, defendants contracted to provide specialized care for the Shipment during all periods of custody and carriage, and to transport the Shipment from the place of receipt in India to the place of delivery at plaintiff's subrogor's door in the United States.

23. Defendants breached their duties and obligations under the carriage contracts, the air waybills, and under the Montreal Convention, by failing to provide the requisite care for the Shipment during carriage and all periods of custody from the place of receipt in India to the place of delivery in the United States and by failing to give the consignee timely notice of the cargo's arrival.

24. As a proximate result of the conditions to which the Shipment was exposed during defendants' care, custody, and control, the pharmaceuticals sustained damage and loss and could not be distributed, sold, or used as intended.

25. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $532,385.15 no part of which has been paid although duly demanded.

## SECOND CAUSE OF ACTION

### (Breach of Bailment Obligations)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 of this complaint.

27. At the time the aforementioned cargo damage occurred defendants were acting as a bailees of the Shipment and in their own capacity, or through contractors, agents, servants or sub-bailees, had the duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to it at the place of receipt.

28. Defendants also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

29. Defendants, and/or entities acting on their behalf, breached the aforesaid duties and obligations and negligently redelivered the Shipment in damaged condition to the consignee at destination.

30. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $532,385.15 no part of which has been paid although duly demanded.

### THIRD CAUSE OF ACTION

### (Negligence and/or Recklessness, and/or Willful Misconduct)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 of this complaint.

32. At all material times defendants had a duty in relation to the Shipment to properly handle, carry, monitor, protect, store and care for the cargo in question.

33. The damage to the Shipment was caused by defendants' negligence, recklessness, wanton neglect, and willful misconduct in that they, and their agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry, monitor, protect, store and care for the cargo in question.

34. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $532,385.15 no part of which has been paid although duly demanded.

### FOURTH CAUSE OF ACTION

### Breach of Contract/Federal Common Law

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 of this complaint.

36. By reason of the foregoing, defendants breached their duties and obligations under the carriage contracts, the air waybills, and under federal common law, by failing to provide the requisite care for the Shipment during carriage from the place of receipt in India to the place of delivery in the United States.

37. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $532,385.15 no part of which has been paid although duly demanded.

WHEREFORE, plaintiff respectfully demands judgment against defendants jointly and severally

(a) for the sum of $532,385.15;

(b) for prejudgment interest at the rate of 9% *per annum;*

(c) for the costs and disbursements of this action;

(d) for such other and further relief as this Court deems proper and just.

Dated: New York, New York
April 11, 2018

Law Office,
David L. Mazaroli

*s/David L. Mazaroli*

_____
David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel.: (212)267-8480 Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com