UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (Foley Square)
----------------------------------------------------------x

FEDERAL INSURANCE COMPANY
a/s/o Athenex Pharmaceutical Division, LLC,

                                Plaintiff,

        -against-

FEDERAL EXPRESS CORPORATION;
FEDEX EXPRESS; FEDEX TRADE
NETWORKS TRANSPORT &
BROKERAGE, INC.,

                           Defendants.
----------------------------------------------------------x

**DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER TO
COMPLAINT**

**Civil Action No: 1:18-cv-03179-PAE**

Defendants, Federal Express Corporation, FedEx Express, and FedEx Trade Networks Transport & Brokerage, Inc. (collectively "FEDEX"), files this Answer in response to Plaintiff's Complaint, as follows:

1.      FEDEX admits only that it transported a shipment of pharmaceuticals on or about June 30, 2017, traveling under Tracking Number 736663277810 from shipper, Gland Pharma in India, going to Dohman Life Science in Memphis, Tennessee.  FedEx denies the remaining allegations contained in paragraph 1.

2.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 2.

3.      In response to paragraph 3, Federal Express Corporation admits that it is a Delaware corporation, having its principle place of business at 3620 Hacks Cross Road, Memphis, Shelby County, Tennessee 38125; and further, that it is authorized to do business in the State of New York.  Federal Express Corporation also avers that it is a federally-certificated,

all-cargo airline operating under the authority of the U.S. Department of Transportation-Federal Aviation Administration.

    4.      FEDEX admits the allegations contained in paragraph 4.

    5.      FEDEX admits the allegations contained in paragraph 5.

    6.      FEDEX denies the allegations contained in paragraph 6.

    7.      FEDEX admits the allegations contained in paragraph 7.

    8.      FEDEX admits the allegations contained in paragraph 8.

    9.      FEDEX denies the allegations contained in paragraph 9.

    10.      FEDEX denies the allegations contained in paragraph 10.

    11.      FEDEX admits the allegations contained in paragraph 11.

    12.      FEDEX admits the allegations contained in paragraph 12.

    13.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 13.

    14.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 14.

    15.      FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15.

    16.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16.

    17.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17.

    18.      FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18.

19.     FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19.

## FIRST CAUSE OF ACTION

### (Breach of Contract and Montreal Convention Air Treaty)

20.     FEDEX restates its responses to paragraphs 1 through 19, hereinabove, as if set forth fully herein.

21.     FEDEX admits the allegations contained in paragraph 21 as stated.

22.     FEDEX denies the allegations contained in paragraph 22.

23.     FEDEX denies the allegations contained in paragraph 23.

24.     FEDEX is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24.

25.     FEDEX denies the allegations contained in paragraph 25.

## SECOND CAUSE OF ACTION

### (Breach of Bailment Obligations)

26.     FEDEX restates its responses to paragraphs 1 through 25, hereinabove, as if set forth fully herein.

27.     FEDEX denies the allegations as stated in paragraph 27.

28.     FEDEX denies the allegations as stated in paragraph 28.

29.     FEDEX denies the allegations contained in paragraph 29.

30.     FEDEX denies the allegations contained in paragraph 30.

## THIRD CAUSE OF ACTION

### (Negligence and/or Recklessness, and/or Willful Misconduct)

31.     FEDEX restates its responses to paragraphs 1 through 30, hereinabove, as if set forth fully herein.

32.     FEDEX denies the allegations as stated in paragraph 32.

33.     FEDEX denies the allegations contained in paragraph 33.

34.     FEDEX denies the allegations as stated in paragraph 34.

## FOURTH CAUSE OF ACTION

### Breach of Contract/Federal Common Law

35.     FEDEX restates its responses to paragraphs 1 through 34, hereinabove, as if set forth fully herein.

36.     FEDEX denies the allegations contained in paragraph 36.

37.     FEDEX denies the allegations contained in paragraph 37.

FEDEX denies the allegations contained in paragraphs (a) through (d) that begin with "WHEREFORE, Plaintiff…."

ALL ALLEGATIONS IN THE COMPLAINT NOT HERETOFORE ADMITTED, ARE DENIED.

## AFFIRMATIVE DEFENSES

And now, having responded to the allegations contained in the Complaint, paragraph by paragraph, FedEx states by way of Defenses, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which any relief can or could be granted.  It should, therefore, be immediately dismissed.  *Please see*, Montreal Convention, 1999, Convention for the Unification of Certain Rules for International Carriage by Air, a Treaty of the United States, and the United States Constitution, Article VI.

4

## SECOND DEFENSE

FEDEX pleads Montreal Convention, 1999, Convention for the Unification of Certain Rules for International Carriage by Air, a Treaty of the United States, and the United States Constitution, Article VI.

## THIRD DEFENSE

FEDEX pleads the international carriage of cargo contract for the international carriage by aircraft made the subject of this litigation, and the FedEx Terms and Conditions for International Shipments, incorporated therein.

## FOURTH DEFENSE

FEDEX pleads the protections of the provisions of Fed. R. Civ. P. 8(c) to the fullest extent permitted by law, including, but not limited to, Assumption of Risk; Contributory Negligence; Failure and Lack of Consideration; and, Waiver.

## FIFTH DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred or limited by their own actions, negligence, or omissions or the actions, negligence, or omissions of their agents, employees, or representatives.

## SIXTH DEFENSE

FEDEX alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred by its failure to give timely notice.

## EIGHTH DEFENSE

Plaintiff's claims are or may be barred by the Plaintiff's failure to comply with the terms of the contract of carriage and the Montreal Convention of 1999.

## NINTH DEFENSE

Plaintiff's claims are or may be barred or limited by the Convention for the Unification of Certain Rules Relating to International Transportation by Air concluded at Warsaw, Poland on October 12, 1929 ("Warsaw Convention"), and any amendments thereto, including but not limited to, the Hague Protocol of 1955, the Montreal Protocol No. 4, and the Montreal Convention of 1999.

## TENTH DEFENSE

FEDEX reserves herein unto itself, the right to assert, and option of asserting, additional Defenses as necessitated by any additional facts or information adduced or provided hereafter, in this action.

WHEREFORE, premises considered, FEDEX prays that the Complaint be dismissed and for any and all such other and further relief to which it may be entitled.

Date:  May 8, 2018                                Respectfully submitted,

By: /s/Brian K. Coleman
Brian K. Coleman (TN Bar No. 034524)
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN  38125
Telephone: (901) 434-8574
Facsimile:  (901) 434-9257
Email:  brian.coleman@fedex.com
Attorneys for Defendant
Federal Express Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 8th day of May, 2018, filed the foregoing document with the Clerk of Court via the Court's CM/ECF system, which will send an electronic service copy to the following:

> David Louis Mazaroli
> Law Offices of David L. Mazaroli
> 250 Park Avenue – 7th
> New York, NY  10007
> Telephone:  (212) 267-8480
> Facsimile:  (212) 732-7352
> Email:  dlm@mazarolilaw.com


>  /s/ Brian K. Coleman
> Brian K. Coleman

Doc# 1271437